Andrew V. Jova, Appellant, *v.* The Southern Improvement Company, Respondent.

*Contract of employment — construction — interpretation by the acts of the parties.*

A contract of employment construed, and the words, "and to continue for one year from May 1, 1890," following a provision as to the rate of salary to be paid, *held,* on consideration of the entire contract and of the interpretation put upon it by the acts of the parties, to refer to the term of employment and to entitle the employee to maintain an action to recover damages for a breach of the contract, caused by his dismissal before the expiration of one year from May 1, 1890.

Appeal by the plaintiff, Andrew V. Jova, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 16th day of February, 1893, upon the dismissal of the complaint at the New York Circuit, upon the ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action.

The contract for a breach of which the action was brought was as follows :

"It is agreed this 21st day of October, 1889, between Andrew V. Jova, M. D., of New York, of the first part, and the Southern Improvement Company, a corporation created and existing under the laws of the State of New Jersey, of the second part, that the party of the first part shall furnish medical attendance and perform the duties of physician in charge of the Mountain Park Hotel, Hot Springs, North Carolina, commencing October 1, 1889 — and the party of the second part agrees to pay said party of the first part from the date named (October 1, 1889), a salary of $50 per month, with board, lodging and washing at said hotel until May 1, 1890 — or, in case of the resignation of Dr. W. F. Ross, or his relinquishment of his contract before May 1, 1890, then the amount to be paid by the party of the second part shall be one hundred and twenty-five dollars ($125) per month, in addition to board, etc., as above stated — and to continue for one year from May 1, 1890, or from the date Dr. Ross severs his connection professionally with the party of the second part."

*H. K. Doherty*, for the appellant.

*Peabody, Baker & Peabody*, for the respondent.

INGRAHAM, J. :

The action is brought to recover damages for the breach of a contract whereby plaintiff claims to have been employed by the defendant until May 1, 1891.

The complaint sets forth the contract in full; alleges that a Doctor Ross mentioned in the contract, continued in the employ of the defendant until his contract with the defendant terminated by limitation at the end of April, 1890 ; that the plaintiff entered upon his employment under said agreement and duly discharged all the duties thereof until the end of May, 1890, and was paid for his services up to that time, and that about the end of May, 1890, plaintiff was without cause or right, discharged by the defendant.

Upon the construction of this contract as claimed by plaintiff, he was employed from October 1, 1889, to May 1, 1891, and while the construction to be given to it is not free from doubt, I am of the opinion that that of the plaintiff is right.

By the agreement, which was dated the 21st of October, 1889, the plaintiff, the party of the first part, agreed to furnish medical attendance and perform the duties of physician in charge of the Mountain Park Hotel, Hot Springs, North Carolina, commencing October 1, 1889.

There is in this covenant on the part of the plaintiff, no time fixed for the termination of the employment. Then follows the covenant of the defendant. It is that defendant agrees to pay to plaintiff from October 1, 1889, a salary of fifty dollars per month with board, etc., at said hotel until May 1, 1890, "or in the case of the resignation of Doctor W. F. Ross, or his relinquishment of his contract before May 1, 1890, then the amount to be paid by the party of the second part shall be one hundred and twenty-five dollars ($125) per month in addition to board, etc., as before stated."

If the contract had stopped here, it might be held to be an employment to May 1, 1890, at fifty dollars per month, or in case of the resignation of, or the relinquishment of his contract by, Doctor Ross, the compensation was to be $125 per month.

The contract then contains the following : " And to continue for one year from May 1, 1890, or from the day that Doctor Ross severs his connection professionally with the party of the second part " (the defendant).

What is to continue for one year ? Evidently the employment of the plaintiff, and it is in this latter clause of the contract that contains the first provision as to the period during which the contract is to continue in force, the provision in the former part of the contract as to the first of May evidently applying to the period for which fifty dollars a month was to be paid.

If it had been the intention of the parties that the continuance of the employment after May 1, 1890, should be conditioned upon the resignation or retirement of Doctor Ross prior to May first, the provision that the contract was to continue for one year from May 1, 1890, would have been meaningless.

Taking the whole contract together, with the situation of the parties as alleged in the complaint, and the fact as there alleged that Doctor Ross' contract with the company terminated in the latter part of April, the proper construction to be given to the contract is, that the plaintiff was to be employed from October 1, 1889, to May 1, 1891 ; that he was to be paid fifty dollars per month until Doctor Ross' professional connection with the defendant ceased, if before May 1, 1890, by resignation or relinquishment of the then existing contract, or on May 1, 1890, by the termination of his contract, and that the amount to be paid thereafter was to be $125 per month.

And this construction is necessary to give effect to all the provisions of the contract, and is confirmed by the construction placed upon the contract by the defendant, which appears by the fact alleged in the complaint, and which must on this appeal be taken as true, that the plaintiff continued in the employment until the end of May, 1890, and was paid for the month of May at the rate of $125 per month.

It follows that the court below erred in dismissing the complaint, and the judgment must be reversed and a new trial ordered, with costs to the appellants to abide the event.

O'Brien, J., concurred.

Van Brunt, P. J.:

I would be inclined to differ from Mr. Justice Ingraham in his interpretation of the contract in question, were it not for the alleged interpretation put upon it by the action of the parties, which allegations, for the purposes of this appeal, we must accept as true.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.